*Breckinridge & Shelby, W. C. Owen, for appellant.*

*Hardin, for appellee.*

---

### COMMONWEALTH *v.* WILLIAM MINOR.

**Criminal Law—Intoxicating Liquors.**

> Where upon a charge for selling intoxicating liquors it is shown that the accused sold "Bitters," which the buyer drank as a beverage and which contained a large per cent. of alcoholic liquor, the jury is warranted in finding the accused guilty; and an instruction by the court to find him not guilty is erroneous. The cause should have been left to the jury to determine.

**Instructions.**

> When in the trial of one charged with selling intoxicating liquors it is shown by the evidence that "Grave's Bitters" were sold and drunk by the purchaser as a beverage, and that such bitters contained a large per cent. of alcohol, the court should charge the jury that if the bitter's contained alcoholic liquor and was so compounded as to render it fit for use as a beverage, they should find the defendant guilty, although they might believe it also contained drugs which made it also a medicine.

#### APPEAL FROM GALLATIN CRIMINAL COURT.

#### November 15, 1879.

OPINION BY JUDGE COFER:

The appellee was indicted and put upon trial for violating the local option law. The evidence conduced to prove that he was a merchant, and kept for sale a few patent medicines and Hossteter's Bitters, Wine Bitters and Graves Bitters; that he sold a bottle of "Graves Bitters" to a person named in the indictment and furnished him with a glass, and he and his friends drank it in the store as a beverage, and that it contained some sort of alcoholic liquor, and something which imparted to the compound a bitter taste.

The jury would have been warranted in finding that the so-called "Bitters" was largely composed of alcoholic liquor; that it contained so much alcohol as to make it desirable as a beverage by those who wished that kind of stimulant. But the court, on mo-

tion of the appellee, instructed the jury to find him not guilty. This was error. Upon such a motion the court should have assumed as true every fact the jury would have been justified in finding from the evidence. The court had no right to decide the question of fact whether the "Bitters" was or was not spirituous liquor, and especially had no right to decide that it was not when the positive testimony of more than one witness was that it contained whisky or some other spirituous liquor, and that they drank it as a stimulating drink, and that it was used as a beverage as well as a medicine.

The jury should have been told, in substance, that if the "Bitters" contained alcoholic liquor, and was so compounded as to render it fit for use as a beverage and desirable to those wishing alcoholic stimulants, they should find the defendant guilty, although they might believe it contained drugs and other things which made it also a medicine.

The fact that the "Bitters" is so compounded as to be used both as a medicine by those who are sick, and as a stimulating beverage by those who wish such a beverage, strongly suggests that it is a mere device for evading the law, and if it be it should not be permitted to succeed.

Judgment *reversed* and cause remanded for further proper proceedings.

*Hardin, for appellant.    J. J. Landrum, for appellee.*